FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SEP 27 AM 10: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| OSCAR PORTER, JR., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CV-99-BU-2787-S |
| DEPUTY HATTIE FRENCH, ET AL., | ) ) ) | |
| Defendants. | ) | |

ENTERED
SEP 27 2001

## MEMORANDUM OF OPINION

This is a civil action filed pursuant to 42 U.S.C. § 1983 in which the plaintiff, Oscar Porter, Jr., alleges that his constitutional rights were violated in Birmingham, Alabama. Plaintiff is presently incarcerated at the Bibb County Correctional Facility in Brent, Alabama. The *pro se* complaint was filed on October 15, 1999, naming as defendants Hattie French, Jefferson County Deputy Sheriff; Robert M. Callahan, Special Agent with the Federal Bureau of Investigation;[1] and the Jefferson County Sheriff's Department. Plaintiff claims that the defendants deprived him of money without due process of law in violation of the Fourteenth Amendment to the United States Constitution. He seeks the return of his money and monetary damages.

On February 14, 2001, the court entered an Order for Special Report (document number 10) directing that copies of the complaint in this action be forwarded to each of the named defendants and requesting that they file a special report responding to the factual allegations of the complaint.

---

[1] The court notes that plaintiff mistakenly identified defendant Callahan as Jefferson County Deputy Sheriff Mike McCallhan in his complaint.

On April 13, 2001, defendant Robert M. Callahan filed his special report (document number 17) attaching his affidavit. On April 16, 2001, defendants Hattie French and the Jefferson County Sheriff's Department filed their special report (document number 18) attaching documents and the affidavit of defendant French. By order of August 28, 2001 (document number 29), the parties were notified that the special reports filed by the defendants would be construed as motions for summary judgment, and the plaintiff was notified of the provisions and consequences of Rule 56 of the *Federal Rules of Civil Procedure*.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect

2

to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## FACTS

Applying these standards to the evidence before the court, the following facts appear to be undisputed or, if disputed, have been taken in a light most favorable to the plaintiff. On May 20, 1998, a search warrant was executed at plaintiff's residence, 1608 33rd Avenue North, Birmingham, Jefferson County, Alabama (plaintiff's complaint attached page three and defendant French's affidavit page one). The warrant was executed by members of the Jefferson County Sheriff's Department Vice and Narcotics Unit (defendant French's affidavit page one). Crack cocaine, firearms, United States currency and other miscellaneous items commonly used by illegal drug dealers was discovered during the execution of the search warrant (defendant French's affidavit pages one and two). Following the search of plaintiff's residence, plaintiff was searched and $5,966.00 in cash and a money order in the amount of $40.00 were removed from plaintiff's pocket

3

(plaintiff's complaint attached page three). Plaintiff had all of the United States currency seized in this matter in his pockets (defendant French's affidavit page two). Plaintiff explained that he had received $2,466.00 in October, 1996 and $1,800.00 in June, 1997 from "S.S." and that he had been saving money each month (plaintiff's complaint attached page three). Plaintiff further explained that the money being taken was rightfully his, but the money was seized anyway (plaintiff's complaint attached page three). It appeared to defendant French that plaintiff had used or intended to use the United States currency seized in this matter to violate laws of the State of Alabama concerning controlled substances (defendant French's affidavit page two).

Defendant Callahan was summoned to the residence where the Jefferson County Sheriff's Department had executed the search warrant in hopes that he could interview plaintiff who was at the residence at the time of the search (defendant Callahan's affidavit). Defendant Callahan hoped to obtain information concerning the individuals who were supplying plaintiff with illegal drugs (defendant Callahan's affidavit). By the time defendant Callahan arrived at the residence, the search was winding down (defendant Callahan's affidavit). The sheriff's deputies had found money and other evidence during the search (defendant Callahan's affidavit). Defendants Callahan and French talked with plaintiff for a few minutes, but he did not provide any information of value to them (defendant Callahan's affidavit). After the brief interview, defendant Callahan left the residence.

Plaintiff was arrested and taken to the Jefferson County Jail. He was charged with possession of a controlled substance, possession of marijuana second degree and possession of drug paraphernalia (plaintiff's complaint attached page three). Plaintiff entered a plea of guilty in connection with the possession of marijuana and possession of drug paraphernalia charges. The possession of a controlled substance charge was dismissed.

4

On August 5, 1998, a hearing was held in connection with the money that was seized from plaintiff (plaintiff's complaint attached page three). The case number was CV-98-3319 (plaintiff's complaint attached page three). Plaintiff was incarcerated in the Jefferson County Jail on the date of the hearing and did not attend the hearing (plaintiff's complaint attached page three). Plaintiff was not represented by anyone at the hearing. All of the property seized during the execution of the search warrant was forfeited to the State of Alabama in the civil forfeiture proceeding held in the Circuit Court of Jefferson County, Alabama (defendant French's affidavit page two).

## DISCUSSION

### Jefferson County Sheriff's Department

The court notes at the outset that the plaintiff's claims against the Jefferson County Sheriff's Department are due to be dismissed. The Jefferson County Sheriff's Department, like a city police department, is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant in this action. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984), *Ragusa v. Streator Police Department*, 530 F. Supp. 814, 815 n. 1 (N.D. Ill. 1981). The Jefferson County Sheriff's Department is entitled to summary judgment.

### Claims Filed Against Defendant Robert M. Callahan Pursuant to 42 U.S.C. § 1983

As previously noted, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of **state** action. *See District of Columbia v. Carter*, 409 U.S. 418, 423 (1973). It is

5

only where a person acts to deprive another of his federal rights under color of **state** law that § 1983 provides authority for a federal claim. *Parker v. Graves*, 479 F.2d 335 (5th Cir. 1973). Defendant Callahan is not an employee of the state of Alabama. As a Special Agent employed by the Federal Bureau of Investigation, an agency of the United States, defendant Callahan is an employee of the federal government. Therefore, defendant Callahan could not have acted under color of state law when interacting with plaintiff. Further, plaintiff has not alleged any conspiracy between defendant Callahan and any state official acting under color of state law. Absent specifically pled facts showing a conspiracy between defendant Callahan and any state official acting under color of state law thereby fairly casting the imprimatur of the state on defendant Callahan's acts, plaintiff's claims pursuant to 42 U.S.C. § 1983 as against defendant Callahan are due to be dismissed due to lack of state action creating federal jurisdiction.

However, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). It is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), that establish "a cause of action against an individual *federal officer* if the federal officer violated the plaintiff's constitutional rights and such violation is a proximate cause of damages." *Dean v. Gladney*, 621 F.2d 1331, 1335 (5th Cir. 1980) (emphasis added), *cert. denied*, 450 U.S. 983 (1981). It therefore appears that the claims against defendant Callahan would more appropriately be brought under 28 U.S.C. § 1331 and *Bivens*, *supra.* Therefore, even though plaintiff filed this action pursuant to 42 U.S.C. § 1983, the court will construe this action as against defendant Callahan as an action filed pursuant to 28

U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

It is noted that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). Consequently, as a practical matter, "courts generally apply § 1983 law to *Bivens* cases." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

Claims Against Defendants French and Callahan in their Official Capacities

Plaintiff sued the defendants in their official capacities; however, as a county sheriff's deputy, defendant French cannot be held liable in damages, in her official capacity, because she enjoys Eleventh Amendment immunity. County sheriff deputies are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. In *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989), it was held that the Eleventh Amendment bars § 1983 lawsuits against county sheriffs, sued in their official capacities. It was subsequently held that the sheriff's Eleventh Amendment immunity also extends to deputy sheriffs because of their "traditional function under Alabama law as the sheriff's alter ego." *Carr v. City of Florence, Alabama*, 916 F.2d 1521 (11th Cir. 1990). To the extent defendant French is sued in her official capacity, she is absolutely immune from damages liability in this action.

Likewise, defendant Callahan is also absolutely immune from damages liability in his official capacity. It is well established that under the doctrine of sovereign immunity, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L.

Ed. 2d 580 (1983); *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). "[A] suit is considered to be against the sovereign if 'the judgment sought would expend itself on the public treasury or domain.'" *Clarke v. United States*, 691 F.2d 837, 839 (7th Cir. 1987) (*quoting Land v. Dollar*, 330 U.S. 731, 738, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947)). Federal courts have no jurisdiction to consider monetary claims against the United States absent an unequivocal expressed waiver. *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976); *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 23 L. Ed. 2d 52 (1969). Therefore, defendant Callahan in his official capacity is due to be dismissed.

Claims Against Defendants French and Callahan in their Individual Capacities

Plaintiff claims that the defendants deprived him of his money without due process of law in violation of the Fourteenth Amendment to the United States Constitution when money seized from him during the execution of a search warrant on May 20, 1998, was forfeited to the State of Alabama in a civil forfeiture proceeding in the Jefferson County Circuit Court. The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment:

> mandate[s] that some kind of hearing is required at some time before a State finally deprives a person of his property interests. The fundamental requirement of due process is the *opportunity* to be heard and it is an "opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

*Parratt v. Taylor*, 451 U.S. 527, 540 (1981) (emphasis added), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

The undisputed case action summary sheet submitted as exhibit K by defendants Hattie French and the Jefferson County Sheriff's Department shows that the action involving the money

8

seized from plaintiff during the execution of the search warrant was filed in the Jefferson County Circuit Court on May 28, 1998. It is further undisputed that on June 17, 1998, a degree ordering notice and setting the cause was entered. Also undisputed is that on June 24, 1998, notices to all parties to come in and propound their claims to the money were mailed. The undisputed case action summary sheet shows that on July 15, 1998, notice to all parties to come in and propound their claims to the money was given by publication. It is undisputed that a forfeiture hearing was held on August 5, 1998. It is also undisputed that plaintiff did not attend this hearing. During the hearing, Jefferson County Circuit Court Judge Wayne Thorn held: "It appearing that notice to all parties to come in and propound their claims to the said U. S. Currency, Miscellaneous Items and Firearm(s) has been given by publication and mail and that no claims to said U. S. Currency, Miscellaneous Items and Firearm(s) have been filed. The Court is of the opinion, therefore, that all claims thereto, if any there be, should be forever barred and that the said U. S. Currency, Miscellaneous Items and Firearm(s) made the subject of this action is due to be declared contraband and forfeited to the State of Alabama". Thus, plaintiff clearly had an *opportunity* to be heard before he was finally deprived of his money; he just did not avail himself of that opportunity.[2]

Plaintiff states that he did not attend the hearing because he was in the Jefferson County Jail on that date. The court notes, however, that the Jefferson County Jail and the Jefferson County Circuit Court are in the same building. It is undisputed that plaintiff was aware that his money had been seized. It is also undisputed that plaintiff failed to file a claim to the money. Had plaintiff filed a claim to the money either because he knew that it had been seized or pursuant to the notice given

---

[2] It is noted that plaintiff also had the right to appeal the trial court's final judgment, *see Ex parte Hodge*, 643 So.2d 980, 981 (Ala. 1993), but apparently did not do so.

9

to him by both mail and publication, plaintiff would have been brought up from the jail to the courtroom for the hearing. Plaintiff failed, however, to file any claim to the money prior to the hearing. Plaintiff does not assert that the defendants in any way prevented him from being at the hearing. Further, it is clear that meaningful post-deprivation remedies were available to plaintiff.

It must be noted that although plaintiff stated in his complaint that he was not served notice of the hearing, the defendants presented evidence in the form of a case action summary sheet showing that notice of the proceeding was mailed to the parties on June 24, 1998 and that the parties were notified of the hearing via publication on July 15, 1998. Plaintiff failed to dispute the evidence presented by the defendants. In determining what facts are undisputed, the court must begin with those specifically and expressly stated by the plaintiff. In addition to the facts stated by the non-moving plaintiff, the court must also take into account those facts stated by the defendants which are not disputed by the plaintiff. Facts submitted by a defendant and not expressly disputed by the plaintiff cannot be ignored because they too are "undisputed" facts. As the Supreme Court explained in *Celotex*, the ultimate burden is on the plaintiff to come forward with evidence supporting each element of his claim. Because the burden of proof in the lawsuit is on the plaintiff, he may not merely rest upon conclusory or vague pleadings, but must affirmatively rebut evidentiary matters offered by the defendants which, if left undisputed, show that the plaintiff is not entitled to recover in the action. In this case plaintiff has failed to rebut the specific facts of the defendants.

Further, the court notes that neither defendant French nor defendant Callahan was responsible for serving notice upon plaintiff. The responsibility of service fell upon the State. As previously noted, plaintiff had meaningful post-deprivation remedies available to him. Plaintiff had the right to appeal the trial court's final judgment, but he has apparently failed to do so. In the present case,

plaintiff has failed to demonstrate how defendants French and Callahan violated his due process rights. For the reasons stated above, the defendants are entitled to summary judgment with respect to plaintiff's claims regarding the forfeiture of his money.

The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, for the reasons stated above, the defendants' motions for summary judgment are due to be GRANTED and this action DISMISSED WITH PREJUDICE.

A separate final judgment consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

DATED this 26th day of September, 2001.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE